UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED
2018 MAY 29 P 3: 13

DEPUTY CLERK

1:18cv212-JDL

MICHAEL A. TUCK, of Bowdoinham, )
County of Sagadahoc, State of Maine )
)
)
Plaintiff )
)
v. )
)
CITY OF GARDINER POLICE DEPARTMENT, in Kennebec )
County, a political subdivision of the State of Maine, )
)
AND )
)
TODD PILLSBURY, SARGENT of the City of Gardiner Police )
Department, in Kennebec County, a political subdivision of the State )
of Maine, in his Personal and Professional capacity, )
)
AND )
)
Stacy Blair )
~~JOHN DOE I~~, Officer of the City of Gardiner Police Department, in )
Kennebec County, a political subdivision of the State of Maine, in his )
Personal and Professional capacity, )
)
AND )
)
David Tims )
~~JOHN DOE II~~, Officer of the City of Gardiner Police Department, in )
Kennebec County, a political subdivision of the State of Maine, in his )
Personal and Professional capacity, )
)
AND )
)
CITY OF GARDINER FIRE AND RESCUE DEPARTMENT in )
Kennebec County, a political subdivision of the State of Maine, )
)
AND )
)
CENTRAL MAINE MEDICAL CENTER in Lewiston, )
Androscoggin County, a political subdivision of the State of Maine, )

1

AND

Kennebec Behavioral Health in Winthrop,
Kennebec County, a political subdivision of the State of Maine.

       Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now Comes the Plaintiff, Michael A. Tuck, representing himself pro se, and hereby complains against the Defendants as follows:

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights act of 1871 (42 U.S.C. § 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. § 1343 and § 1331.

2. Venue is proper in the District of Maine and 28 U.S.C. 1391(b) as all events and omissions giving rise to the claims herein occurred in this district.

## PARTIES

3. Plaintiff Michael A. Tuck is a 55 year-old citizen of the United States, who resides at 28 Preble Road, Bowdoinham, Sagadahoc County, Maine 04008.

4. Defendant City of Gardiner Police Department is a public law enforcement department located in County of Kennebec, State of Maine.

5. At all times mentioned herein, Defendant Todd Pillsbury, an individual and a Sargent with the City of Gardiner Police Department was at all material times acting under color of State Law. Defendant Pillsbury is sued in his personal and professional capacities.

6. At all times mentioned herein, Defendant ~~John Doe I~~ Stacy Blair, an individual and an Officer with the City of Gardiner Police Department was at all material times acting under color of State Law. Defendant ~~John Doe I~~ Stacy Blair is sued in his personal and professional capacities. Defendant ~~John Doe I~~ Stacy Blair is currently unnamed as the Gardiner City Police Department has delayed its release of police reports to Plaintiff.

7. At all times mentioned herein, Defendant ~~John Doe II~~ David Tims, an individual and an Officer with the City of Gardiner Police Department was at all material times acting under color of State Law. Defendant ~~John Doe II~~ David Tims is sued in his personal and professional capacities. Defendant ~~John Doe II~~ David Tims is currently unnamed as the Gardiner City Police Department has delayed its release of police reports to Plaintiff.

8. Defendant City of Gardiner Fire and Rescue Department is a public emergency department located in County of Kennebec, a political Subdivision of the State of Maine.

9. Defendant Central Maine Medical Center is a hospital in Lewiston, Androscoggin County, a political Subdivision of the State of Maine.

**FACTS**

10. On or around June 3, 2015, a law enforcement officer (known as Officer ~~John Doe I~~ Stacy Blair as the police report requested has yet to be received by Plaintiff) arrived at the residence of Michael A. Tuck (Plaintiff) at 54 Mount Vernon Street at the request of Plaintiff.

3

11. Plaintiff called the police to report that numerous drivers had been speeding past his house.

12. While Plaintiff was discussing this matter with Officer ~~John Doe I~~ Stacy Blair, a pedestrian walked past his house.

13. Not having seen the pedestrian before, Plaintiff initiated a conversation with him. Officer ~~John Doe I~~ Stacy Blair said that based on this interaction between Plaintiff and the pedestrian, Plaintiff was bothering the public. ~~John Doe I~~ Stacy Blair than left the residence of Plaintiff.

14. Plaintiff then went to the doctor's office for an ear problem. Shortly after his return from the doctor's office, he heard a knock on his door.

15. This time it was three officers (~~John Doe I~~ Stacy Blair, ~~John Doe II~~, and Sargent Todd Pillsbury).

16. Plaintiff assumed they were there to help him, so he invited them in.

17. The officers asked Plaintiff to put his dog away, which he did.

18. When Plaintiff went to retrieve his laptop to show him what he had documented about the vehicles that were speeding by his house, the officers said they were no longer interested in that and instead were there to take him to "get checked out" (meaning have him evaluated mentally).

19. Plaintiff had recently been mentally evaluated and released from Maine General Medical Center. He had also recently visited a Psychiatrist who he had seen for unrelated issues and she did not express concern about Plaintiff's current mental health.

20. Plaintiff told the officers he wasn't interested in another mental evaluation.

21. For the next several minutes, argument about the necessity of an evaluation ensued.

22. Officer ~~John Doe I~~ Stacy Blair, deciding that force was going to be necessary to take Plaintiff to the hospital, pulled his Taser out.

4

23. Plaintiff pulled out his 10" machete.

24. Officer ~~John Doe 1~~ Stacy Blair activated his Taser on Plaintiff.

25. Plaintiff then took his machete and began cutting his own throat.

26. Officer ~~John Doe 1~~ Stacy Blair used his Taser on Plaintiff several more times.

27. We are not sure about what happened next as The City of Gardiner Police Department has not released its records.

28. Plaintiff was ultimately flown to Lewiston and brought to the Central Maine Medical Center where he was treated for his injuries.

29. Plaintiff was medically cleared by June 10th, 2015, but was told he was "blue papered" and could not leave the hospital.

30. Plaintiff challenged this hold as a violation of his civil rights, but was informed by hospital staff that once someone is "blue papered" they have no civil rights. Plaintiff was also told that if he left or tried to leave the hospital, he would be arrested.

31. Plaintiff continued to be detained at Central Maine Medical Center for a total of at or around twenty-one days.

32. After the twenty-one days, Plaintiff was transferred against his will (in handcuffs by police) to Riverview Psychiatric Hospital in Augusta, ME.

33. They held him for at or around fourteen more days until they finally released him.

## CAUSES OF ACTION

34. As a direct and proximate cause of the Defendants' acts, Plaintiff Michael A. Tuck suffered the following, but not necessarily exclusive particulars:

    a. Illegal Search and Seizure;

5

b. Assault and Battery;

   c. False Arrest;

   d. False Imprisonment;

   e. Excessive Force,

   f. Failure to Properly Train;

   g. Intentional Infliction of Emotional Distress.

## COUNT ONE – ILLEGAL SEARCH AND SEIZURE

35. The allegations contained in the foregoing paragraphs are incorporated by reference.

36. At all times relevant to this complaint, Defendants were acting under color of law.

37. By the actions described above, the Defendants have deprived the Plaintiff of his clearly established right guaranteed by the Fourth Amendment to the Constitution of the United States to be free from an unreasonable search and seizure.

38. The Defendants, City of Gardiner Police Department, by and through its agents, Defendant Sargent Todd Pillsbury, Defendant Officer ~~John Doe I~~ Stacy Blair, and Defendant Officer ~~John Doe II~~ David Tims, as well as Defendants City of Gardiner Fire and Rescue Department and Central Maine Medical Center, knowingly and with deliberate indifference and reckless disregard to the constitutional rights of the Plaintiff, maintained and permitted official policies and customs of practice permitting the occurrence of the violation set herein above.

39. These policies and/or customs and practices include, but are not limited to, the deliberate indifferent training of their employees in matters pertaining to excessive force and treatment of citizens with citizens they suspect may have mental health issues.

6

40. In addition, Defendants Sargent Todd Pillsbury, Officer ~~John Doe I~~ Stacy Blair, and Officer ~~John Doe II~~ David Tims knew or should have known of the customs and practices which led directly to the injuries sustained by the Plaintiff.

41. Such errant policies and/or customs and practices of the Defendants were the force behind the violation of Plaintiff, Michael A. Tuck's Fourth Amendment rights and the Defendants, each of them, are liable for all of the injuries sustained by the Plaintiff as set forth herein above.

## COUNT TWO – ASSAULT AND BATTERY

42. The allegations contained in the foregoing paragraphs are incorporated by reference.

43. Officer ~~John Doe I~~ Stacy Blair assaulted Plaintiff unlawfully by intentionally using his Taser to effectuate an illegal arrest, and continuing to use the Taser repeatedly while it was obvious that Plaintiff was not a threat and was in fact dealing with life-threatening injuries.

44. Plaintiff claims damages for assault and battery against Officer ~~John Doe I~~ Stacy Blair, Officer ~~John Doe II~~ David Tims, and Sargent Todd Pillsbury, for which they are individually and personally liable, as well as damages against the City of Gardiner Police Department.

## COUNT TWO – FALSE ARREST

45. The allegations contained in the foregoing paragraphs are incorporated by reference.

46. Officer ~~John Doe I~~ Stacy Blair, Officer ~~John Doe II~~ David Tims, and Sargent Todd Pillsbury falsely arrested Plaintiff. Plaintiff had done nothing more that report traffic violations that were occurring in his neighborhood and engage in small-talk with a passer-by. Police had no

probable cause to arrest Plaintiff, nor did they have a reason to require that Plaintiff undergo a mental health evaluation.

47. Plaintiff claims damages for false arrest against Officer ~~John Doe I~~ Stacy Blair, Officer ~~John Doe II~~ David Tims, and Sargent Todd Pillsbury, for which they are individually and personally liable, as well as damages against the City of Gardiner Police Department.

## COUNT THREE – FALSE IMPRISONMENT

48. The allegations contained in the foregoing paragraphs are incorporated by reference.

49. Officer ~~John Doe I~~ Stacy Blair, Officer ~~John Doe II~~ David Tims, and Sargent Todd Pillsbury's actions led to the false imprisonment of Plaintiff. Plaintiff was detained against his will for at or around forty-two (42) days. Plaintiff was held for at or around twenty-one (21) days at Central Maine Medical Center, and then held for at or around and additional twenty-one (21) days at Riverview Psychiatric Hospital. Plaintiff was held well beyond the time that was required to treat his injuries. He was held under the color of law and against his will for the entire time.

50. Plaintiff claims damages for false imprisonment against Officer ~~John Doe I~~ Stacy Blair, Officer ~~John Doe II~~ David Tims, and Sargent Todd Pillsbury, for which they are individually and personally liable, as well as damages against the City of Gardiner Police Department, City of Gardiner Fire and Rescue Department, Kennebec Behavioral Health, and the Central Maine Medical Center.

## COUNT FOUR – EXCESSIVE FORCE

51. The allegations contained in the foregoing paragraphs are incorporated by reference.

8

52. Officer ~~John Doe I~~ Stacy Blair, Officer ~~John Doe II~~ David Tims, and Sargent Todd Pillsbury, and the City of Gardiner Police Department chose to use excessive force against Plaintiff when they decided to coerce Plaintiff to undergo a mental health evaluation. Officer ~~John Doe I~~ Stacy Blair used excessive force against Plaintiff when he unlawfully and intentionally using his Taser to effectuate an illegal arrest, and continuing to use the Taser repeatedly while it was obvious that Plaintiff was not a threat and was in fact dealing with life-threatening injuries.

53. Plaintiff claims damages for excessive force against Officer ~~John Doe I~~ Stacy Blair, Officer ~~John Doe II~~ David Tims, and Sargent Todd Pillsbury, for which they are individually and personally liable, as well as damages against the City of Gardiner Police Department.

## COUNT FIVE – FAILURE TO PROPERLY TRAIN

54. The allegations contained in the foregoing paragraphs are incorporated by reference.

55. The City of Gardiner Police Department failed to properly train its staff about when to require a mental health evaluation and what procedures to use to bring citizen to a mental health evaluation. Just prior to this event, Plaintiff had undergone two separate mental health evaluations. The results of both evaluations concluded that Plaintiff was functioning appropriately and not in need of being confined to any sort treatment facility. Plaintiff was justified in refusing to undergo a third evaluation. Additionally, citizens have a general right to refuse medical treatment of any sort and tasing a citizen into submission is completely inappropriate especially when the behavior police were responding to was Plaintiff engaging a passerby in small talk.

9

56. Plaintiff claims damages for failure to properly train against the City of Gardiner Police Department.

## COUNT SIX – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. The allegations contained in the foregoing paragraphs are incorporated by reference.

58. The actions and inactions of all Defendants named amount to the Intentional Infliction of Emotional Distress of Plaintiff. Plaintiff was held against his will for at or around forty-two (42) days. He was held under the color of law and against his will for the entire time. The conditions he was held in were appalling, unhealthful, and inhumane. Being forcibly removed from society for this length of time was an unnecessary disruption to Plaintiff's life and mental health.

59. Plaintiff claims damages for the intentional infliction of emotional distress against Officer ~~John Doe I~~ Stacy Blair, Officer ~~John Doe II~~ David Tims, and Sargent Todd Pillsbury, for which they are individually and personally liable, as well as damages against the City of Gardiner Police Department, City of Gardiner Fire and Rescue Department, and the Central Maine Medical Center.

## PRAYER FOR RELIEF

WHEREFORE, The Plaintiff requests that the Court:

A. Plaintiff is requesting a Jury Trial.

B. Issue a judgment declaring that the actions of the Defendants as described in this complaint are unlawful and constitute an illegal search and seizure of the Plaintiffs in

violation of the Fourth Amendment of the Constitution, Article One, Section Six-A of the Maine Constitution and 42 U.S.C. § 1983.

C. Award the Plaintiffs compensatory damages for past and future damages including economic loss, emotional and psychological harm in an amount determined to be reasonable.

D. Award Plaintiffs punitive damages.

E. Award Plaintiffs reasonable attorney's fees and costs.

F. Grant any further relief as the Court considers just and proper.

Dated May 25th, 2018                    Respectfully Submitted,

*Michael A. Tuck*

Michael A. Tuck
28 Preble Rd.
Bowdoinham, Maine 04008
(207) 772-9053

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated at Portland, Maine this 25th day of May, 2018.

*[signature]*

Michael A. Tuck
28 Preble Rd.
Bowdoinham, Maine 04008
(207) 772-9053

## **CERTIFICATE OF SERVICE**

I, Michael A. Tuck, proceeding pro-se, certify that I caused a true copy of Plaintiff's Complaint to be served this 25th day of May, 2018, by having the Cumberland County Sheriff's Department serve all parties at the following addresses:

Officer John Doe I
City of Gardiner Police Department
6 Church St.
Gardiner, ME 04345

Officer John Doe II
City of Gardiner Police Department
6 Church St.
Gardiner, ME 04345

Sargent Todd Pillsbury
City of Gardiner Police Department
6 Church St.
Gardiner, ME 04345

City of Gardiner Police Department
6 Church St.
Gardiner, ME 04345

City of Gardiner Fire and Rescue Department
6 Church St.
Gardiner, ME 04345

Central Maine Medical Center
300 Main St.
Lewiston, ME 04240

Kennebec Behavioral Health
736 Old Lewiston Rd.
Winthrop, ME 04364

*[signature]*

Michael A. Tuck
28 Preble Rd.
Bowdoinham, Maine 04008
(207) 772-9053