UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MICHAEL A. TUCK,              )
                              )
        Plaintiff             )
v.                            )    No. 1:18-cv-00212-JDL
                              )
CITY OF GARDINER POLICE       )
DEPARTMENT, et al.,           )
                              )
        Defendants            )

### MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S "MOTION TO RECALL" DEFENDANT

*Pro se* plaintiff Michael A. Tuck seeks "to recall defendant Officer David Tims," whom he had previously voluntarily dismissed, to effectuate service upon him through Attorney John J. Wall, III, who represents other Gardiner Police Department defendants (the "Town defendants") in this action. Motion To Recall for Defendant ("Motion") (ECF No. 37). The plaintiff cannot serve Mr. Tims through Attorney Wall, who "has not been authorized to accept service of a summons and complaint for Mr. Tims." Defendants City of Gardiner Police Department, City of Gardiner Fire and Rescue, Todd Pillsbury and Stacy Blair's Objection to Plaintiff's Motion To Recall Defendant ("Objection") (ECF No. 38) at 2, ¶ 6. However, because he previously voluntarily dismissed Mr. Tims, *see* ECF No. 20, the court subsequently granted his motion to amend his complaint, *see* ECF No. 24 at 9, and the amended complaint – now the operative complaint in this case – names Mr. Tims (spelled "Timms") as a defendant, *see* ECF No. 25,[1] I treat the Motion as a request to extend the deadline to effectuate service of a new summons and

---

[1] If "Tims" is the correct spelling of the defendant's last name, the plaintiff should file a motion to correct the spelling of Mr. Tims' name in the caption of his amended complaint.

1

copy of the amended complaint on Mr. Tims, and grant the Motion, enlarging the service deadline to September 9, 2019, and all remaining pretrial deadlines by 60 days.

## I. Applicable Legal Standards

Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Service of a complaint may be made by (i) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[,]" (ii) "delivering a copy of the summons and of the complaint to the individual personally[,]" (iii) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[,]" or (iv) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

In addition to the traditional method of personal service, Maine law provides for service of a summons and complaint by mail and, upon a showing of necessity, by alternate means. *See* Me. R. Civ. P. 4(c)(1), (e)-(g). A litigant opting to use one of those methods must follow the steps detailed in Maine Rule of Civil Procedure 4. *See id*.

## II. Factual Background

The plaintiff initiated this lawsuit on May 29, 2018, alleging that the Town defendants, as well as Central Maine Medical Center and Kennebec Behavioral Health, had unlawfully seized

him, used excessive force against him, and/or forced his hospitalization in June 2015. *See* Complaint and Demand for Jury Trial (ECF No. 1) ¶¶ 35-59.

On August 28, 2018, Kennebec Behavioral Health filed a motion to dismiss the complaint against it. *See* ECF No. 11. On October 10, 2018, the plaintiff simultaneously filed his response to the motion to dismiss and a motion to amend his complaint. *See* ECF Nos. 15-16.

On November 6, 2018, the court ordered the plaintiff to show good cause in writing, no later than November 20, 2018, why he had not timely served process on Mr. Tims within 90 days of the filing of the complaint. *See* ECF No. 19.

On November 16, 2018, the plaintiff withdrew his action against Mr. Tims, explaining that Mr. Tims had moved and he did not know his location, and requesting that, "if the address or location becomes available at a further time[,] I may be able to have the option to call him again." ECF No. 20.

On February 13, 2019, the court granted the plaintiff's motion to amend his complaint and granted in part, and otherwise denied, Kennebec Behavioral Health's motion to dismiss, which it treated as having been made against the amended complaint. *See* ECF No. 24. The plaintiff filed his amended complaint, which names "David Timms" as a defendant, the same day. *See* ECF No. 25. On February 14, 2019, Central Maine Medical Center filed a motion to dismiss the plaintiff's amended complaint against it. *See* ECF No. 26.

On February 15, 2019, the court issued a scheduling order providing, *inter alia*, for the close of discovery on July 5, 2019. *See* ECF No. 27. During a teleconference with the parties on March 29, 2019, I extended that deadline to August 5, 2019, with corresponding extensions of other remaining deadlines. *See* ECF No. 35.

The plaintiff's motion to "recall" Mr. Tims was filed on April 5, 2019. *See* Motion.

The court subsequently granted Central Maine Medical Center's motion to dismiss, *see* ECF No. 40, and the plaintiff entered into a settlement agreement with Kennebec Behavioral Health, which was dismissed from the case, *see* ECF Nos. 41-42.

### III. Discussion

The court's February 13, 2019, grant of the plaintiff's motion to amend his complaint both reinstated Mr. Tims as a defendant and reset the plaintiff's 90-day deadline to effectuate service on him.

"Although filing an amended complaint in itself does not toll the service period, thereby providing an additional [90] days for service, adding a new party through an amended complaint initiates a new [90]-day timetable for service upon the added defendant." 4B Charles Alan Wright, Arthur R. Miller, & Adam N. Steinman, *Federal Practice and Procedure* § 1137, at 371 (2015) (footnote omitted); Fed. R. Civ. P. 4(m) (defendant must be served within 90 days following filing of complaint).

Because the plaintiff had voluntarily dismissed Mr. Tims as a defendant, Mr. Tims was rendered the equivalent for purposes of the Rule 4(m) service of process deadline of a "new" defendant upon the subsequent filing of the amended complaint. *See, e.g., Walker v. Bowler*, Case No. 5:17-cv-01687-AG-JC, 2018 WL 2392152, at *10 (C.D. Cal. May 24, 2018) (because a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) leaves "the situation as if the action never had been filed[,]" plaintiff had 90 days from filing of first amended complaint to serve "each previously [voluntarily] dismissed defendant who may be named anew in such amended complaint") (citations and internal quotation marks omitted).

The plaintiff filed the instant motion on April 5, 2019, 51 days after the filing of his amended complaint on February 13, 2019, and well before the expiration of the 90-day deadline

within which to serve process on Mr. Tims. *See* ECF Nos. 25, 37. Assuming that leave of court was needed despite the time remaining, his motion would implicate Federal Rule of Civil Procedure 6(b), pursuant to which, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made . . . before the original time or its extension expires[.]" Fed. R. Civ. P. 6(b)(1)(A).

I find good cause in this case to extend the plaintiff's deadline to effectuate service of a new summons and the amended complaint on Mr. Tims. As a *pro se* litigant, the plaintiff held the mistaken belief "that service can be made through the Attorney as Attorney John Wall III has knowledge of Officer Tims['] whereabouts." Motion. However, service may be effectuated in that fashion only by delivering a copy of the summons and complaint "to an agent *authorized by appointment or by law* to receive service of process." Fed. R. Civ. P. 4(e)(2)(C) (emphasis added). The Town defendants made clear, in objecting to the Motion, that Attorney Wall was not authorized to accept service on behalf of Mr. Tims. *See* Objection at 2, ¶ 6.

Accordingly, in the circumstances, I extend the plaintiff's deadline to effectuate service of process on Mr. Tims to September 9, 2019 (39 days, plus 3 for mailing), effectively restoring the amount of time remaining for him to do so as of the date he filed the Motion on April 5, 2019.

In closing, I note that the plaintiff has not explained what other avenues, if any, he has pursued to attempt to locate and serve Mr. Tims; for example, serving discovery requests on, or taking the depositions of, other defendants, including the City of Gardiner, who might have knowledge of Mr. Tims' whereabouts, checking public data bases, or even hiring a private investigator, if financially feasible. *See* Motion. Regardless, the plaintiff should diligently pursue the most promising avenues available to him in the finite time remaining.

In view of this ruling, I also extend the parties' remaining pretrial deadlines by 60 days as set forth below.

## IV. Conclusion

For the foregoing reasons, and treating the Motion as a request by the plaintiff to extend his deadline to effectuate service on Mr. Tims of a new summons and the amended complaint, I **GRANT** the Motion and **ENLARGE** his deadline to accomplish that task to September 9, 2019. Consistent therewith, I also **ENLARGE** the parties' discovery deadline to October 4, 2019, Local Rule 56(h) notice deadline to October 11, 2019, dispositive/*Daubert*/*Kumho* motion deadline to October 25, 2019, and remove the case from the October trial list and place it on the December trial list, to be trial-ready date by December 3, 2019.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 28th day of July, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge