UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL A. TUCK, | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00212-JDL |
| | ) | |
| CITY OF GARDINER POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
|     *Defendants* | ) | |

*RECOMMENDED DISMISSAL OF COMPLAINT AS TO DEFENDANT DAVID TIMMS*

Because, following an earlier extension of time, the plaintiff has filed no response to this court's September 11, 2019, order directing him to "show good cause in writing no later than September 25, 2019," why service upon defendant David Timms had not timely been made, "failing which the complaint shall be dismissed as to David Timms[,]" Order to Show Cause (ECF No. 44), I recommend that his complaint against Mr. Timms be dismissed without prejudice.[1]

### I. Applicable Legal Standards

Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In addition, Federal Rule of Civil Procedure 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the

---

[1] The plaintiff has spelled Mr. Timms' last name both "Timms" and "Tims." I have used the version set forth in the caption of the amended complaint. *See* ECF No. 25 at 1.

1

action or any claim against it." Fed. R. Civ. P. 41(b). "Although Rule 41(b) refers only to dismissal on a motion made by a defendant, district courts may also *sua sponte* dismiss a complaint under Rule 41(b) for failure to comply with a court order." *Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F. Supp.3d 118, 126 (D.D.C. 2015).

## II. Background

The plaintiff initiated this lawsuit on May 29, 2018, alleging that the defendants had unlawfully seized him, used excessive force against him, and/or forced his hospitalization in June 2015. *See* Complaint and Demand for Jury Trial (ECF No. 1) ¶¶ 35-59.

On August 28, 2018, defendant Kennebec Behavioral Health filed a motion to dismiss the complaint against it. *See* ECF No. 11. On October 10, 2018, the plaintiff simultaneously filed his response to the motion to dismiss and a motion to amend his complaint. *See* ECF Nos. 15-16.

On November 6, 2018, the court ordered the plaintiff to show good cause in writing, no later than November 20, 2018, why he had not timely served process on Mr. Timms within 90 days of the filing of the complaint. *See* ECF No. 19.

On November 16, 2018, the plaintiff withdrew his action against Mr. Timms, explaining that Mr. Timms had moved and he did not know his location, and requesting that, "if the address or location becomes available at a further time[,] I may be able to have the option to call him again." ECF No. 20.

On February 13, 2019, the court granted the plaintiff's motion to amend his complaint and granted in part, and otherwise denied, Kennebec Behavioral Health's motion to dismiss, which he treated as having been made against the amended complaint. *See* ECF No. 24. The plaintiff filed his amended complaint, which names "David Timms" as a defendant, the same day. *See* ECF No. 25.

On April 5, 2019, the plaintiff filed a motion to "recall" Mr. Timms. *See* ECF No. 37. On July 28, 2019, treating that motion as a request to extend the plaintiff's deadline to effectuate service on Mr. Timms of a new summons and the amended complaint, I granted the motion and enlarged his deadline to accomplish that task to September 9, 2019. *See* ECF No. 43 at 6. On September 11, 2019, the court issued the instant order to show cause. *See* ECF No. 44. The clerk's office indicated, in a private notation on the CM/ECF docket, that it had mailed a copy of the Order to Show Cause to the plaintiff. The plaintiff has neither served Mr. Timms nor responded to that order. *See generally* CM/ECF Docket.

### III. Discussion

The plaintiff's failure to show cause in writing why his complaint against Mr. Timms should not be dismissed warrants its dismissal. *See, e.g., United States v. Edmunds*, Case No. 15-cv-2705 (JRT/TNL), 2016 WL7670605, at *5 (D. Minn. Dec. 6, 2016) (rec. dec., *aff'd* Jan. 10, 2017) ("[W]hile pro se litigants are accorded a certain degree of latitude, Defendant's pro se status does not excuse him from complying with this Court's orders as well as the Federal Rules of Civil Procedure and the Court's Local Rules.").

Yet, although dismissal is appropriate, a separate issue remains whether the dismissal should be with prejudice. Unless the court directs otherwise, a dismissal for failure to prosecute "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). As a general rule, however, dismissal of an action with prejudice is a sanction reserved for the most extreme misconduct. *See, e.g.*, *Vázquez-Rijos v. Anhang*, 654 F.3d 122, 127-28 (1st Cir. 2011). For example, "[d]ismissal with prejudice for failure to prosecute is appropriate in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." *Pomales v. Celulares Telefónica, Inc.*, 342 F.3d 44, 48

(1st Cir. 2003) (citations and internal quotation marks omitted).  "[W]here the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits."  *Id*.

In this case, the *pro se* plaintiff has failed to comply with only one court order, the instant order to show cause.  Accordingly, I recommend that his complaint against Mr. Timms be **DISMISSED** without prejudice.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 23rd day of December, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge