# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL A. TUCK, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|         v. | )  1:18-cv-00212-JDL |
| | ) |
| CITY OF GARDINER POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
|    Defendants. | ) |

## ORDER ON PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

This action arises out of the alleged unlawful seizure and forced hospitalization of the Plaintiff, Michael Tuck, in June 2015. Tuck now moves to voluntarily dismiss the action (ECF No. 68). Defendants City of Gardiner Police Department, City of Gardiner Fire and Rescue, Todd Pillsbury, and Stacey Blair request a dismissal with prejudice. For the following reasons, I grant Tuck's motion for voluntary dismissal, and I order that the case be dismissed with prejudice.

### I. BACKGROUND

Tuck commenced this action on May 29, 2018. Subsequently, Tuck amended his complaint, and the Defendants filed their answer on February 21, 2019. Thereafter, the parties underwent discovery, which was completed on November 18, 2019. The next week, pursuant to D. Me. Local R. 56(h), the Defendants filed a notice of intent to file a summary judgment motion and the need for a pre-filing conference. In their pre-filing conference memorandum, the Defendants stated that they

intended to seek summary judgment on all counts of the operative complaint, and they outlined their arguments for doing so.

On January 15, 2020, I entered an order setting the summary judgment briefing schedule. On January 31, Tuck informed the Defendants that he did not intend to proceed further. On March 5, the Court received a letter from Tuck, stating that he could "no longer [pursue] this case" because of "the trauma [he] experienced" from the events underlying the complaint. ECF No. 68 at 1. The Court construed the letter as a Motion for Voluntary Dismissal. In response, the Defendants requested that the Court dismiss the case with prejudice. Tuck failed to reply to the Defendants' response.

## II.  LEGAL ANALYSIS

The Federal Rules of Civil Procedure provide that a plaintiff may dismiss an action without court intervention only under certain, limited circumstances. *See* Fed. R. Civ. P. 41(a)(1). Otherwise, as here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[D]ismissal without prejudice is the norm, 'unless the court finds that the defendant will suffer legal prejudice.'" *Colón-Cabrera v. Esso Standard Oil Co. (P.R.)*, 723 F.3d 82, 87 (1st Cir. 2013) (quoting *P.R. Mar. Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981)). The Court "is responsible for ensuring that such prejudice will not occur." *Id.* (citing *Doe v. Urohealth Sys., Inc.,* 216 F.3d 157, 160 (1st Cir. 2000)).

To determine whether the defendant will suffer legal prejudice, courts consider several factors, including the defendant's effort and expense in preparing for trial,

the plaintiff's diligence in prosecuting the action, the sufficiency of the plaintiff's explanation of the need for a dismissal, and whether the defendant has filed a motion for summary judgment. *See id.* at 88 (citing *Doe*, 216 F.3d at 160). "The mere prospect of a subsequent lawsuit" does not necessarily constitute legal prejudice, *id.* at 87 (citing *Doe*, 216 F.3d at 160–61), but it can if the request for dismissal comes at a late stage of the pretrial proceedings:

> [I]t is appropriate to consider whether "a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling." *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.,* 628 F.3d 157, 162 (5th Cir. 2010); *see also Brown v. Baeke,* 413 F.3d 1121, 1124 (10th Cir. 2005). A plaintiff should not be permitted to force a defendant to incur substantial costs in litigating an action, and then simply dismiss his own case and compel the defendant to litigate a wholly new proceeding.

*Id.* at 88. Though a court must provide some explanation of its reasons for dismissal with prejudice under Rule 41(a)(2), a court is not "always required to give a lengthy explanation of its reasons," *id.* at 90, and it "need not analyze each factor or limit [its] consideration to [the] factors" listed above, *Doe*, 216 F.3d at 160.

Nearly two years have passed between Tuck's initiation of this lawsuit and his motion to dismiss it. The Defendants have expended significant time and resources in defending this case, including by engaging in discovery and preparing to file a motion for summary judgment. In their pre-filing memorandum, the Defendants notified Tuck of their intent to seek summary judgment on all counts of the complaint and their legal bases for doing so. While I am sympathetic to Tuck's representation that trauma from the events underlying his complaint prevents him from pressing this case forward, he has offered no explanation of the nature or extent of his trauma.

3

Given the late stage of the proceedings, and Tuck's failure to respond to the Defendants' request for a dismissal with prejudice, I conclude that dismissal with prejudice is warranted.

### III.  CONCLUSION

Accordingly, the Plaintiff's Motion for Voluntary Dismissal (ECF No. 68) is **GRANTED**, and the Amended Complaint (ECF No. 25) is **DISMISSED with prejudice**.

**SO ORDERED.**

Dated:  June 5, 2020

                                    /s/ JON D. LEVY
                              **CHIEF U.S. DISTRICT JUDGE**